## Norman MacLeod, Appellee, v. L. W. Harris, Appellant.

Opinion filed January 4, 1935. Rehearing denied February 25, 1935.

McGinnis, McGinnis & Talley, of Alton, for appellant.

Wm. P. Boynton, of Alton, for appellee.

Mr. Justice Stone delivered the opinion of the court.

On August 1, 1930, appellant, a dentist practicing his profession in Alton, Illinois, entered into an agreement with appellee, another dentist in Alton whereby appellant sold his business as a dentist, good will, etc., to appellee. The agreement was in writing and the portion thereof which is pertinent to this case is as follows:

"Party of the first part covenants and agrees that he will not resume the practice of dentistry in Alton for a space of two years from the date of the agreement herein (August 1, 1930) and then after that should he engage in the practice in the City of Alton he will limit his practice exclusively to the extraction of teeth, for a period of five years from said date."

On March 8th, almost three years after the making of the agreement, appellee went into the circuit court and obtained an injunction prohibiting appellant from practicing dentistry in violation of said agreement. It would seem that appellee was not hasty in bringing his action.

On January 16, 1934, appellee petitioned the circuit court for a citation against appellant. The petition was allowed and appellant was cited to appear before said court on January 19, 1934, to show cause why he should not be held in contempt of court for violation of the said decree and injunction. A hearing was had, appellant was found guilty of contempt and sentenced to 20 days in the county jail. By permission of court he has brought the record here on appeal.

The evidence in this case is convincing that appellant violated the injunction in question. The circumstances indicate that the violations were in wilful disregard of the court's order. Little or no denial is made of the specific facts of the practice of dentistry by appellant, not only in violation of his contract but in violation of the express mandate of the court.

It is absolutely essential to a well ordered society that the mandates of courts be obeyed. Every transgression of an injunction under the circumstances of this one must be met with instant and certain condemnation. Appellant is not a person of tender years; neither is he incompetent. He knew better than to disregard an order of court directed personally and unqualifiedly at him. If he did not know better, it is high time he were learning better and others of like disposition should take notice.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*